**E-FILED on** 11/13/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPEN ROAD VENTURES, LLC, and TODD MADEIROS,<br><br>    Plaintiffs,<br><br>    v.<br><br>PARKER DANIEL,<br><br>    Defendant. | No. C-09-02041 RMW<br><br>ORDER STAYING ACTION PENDING INITIATION OF MEDIATION<br><br><br>**[Re Docket Nos. 16, 18 and 20]** |

Three motions filed by Defendant Parker Daniel came on for hearing before the court on November 6, 2009, specifically, a motion to compel mediation/arbitration and dismiss the complaint, a motion to dismiss the claims of plaintiff Todd Madeiros for lack of subject matter jurisdiction, and a motion to dismiss the third and fourth causes of action for failure to state a claim. Plaintiffs oppose all three motions. Having considered the papers submitted by the parties and the arguments of counsel at the hearing, and for good cause appearing for the reasons set forth below, the court stays this action pending initiation of mediation in Texas. The parties have agreed to mediate and arbitrate, if necessary, but the court does not have the power to order the mediation or arbitration to occur in Texas, the parties' choice of forum.

ORDER STAYING ACTION PENDING INITIATION OF MEDIATION—No. C-09-02041 RMW
TER

## I. BACKGROUND

Plaintiffs Open Road Ventures, LLC and Todd Madeiros bring this action against defendant Parker Daniel alleging five state law causes: (1) intentional misrepresentation and fraudulent inducement; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) rescission; and (5) unfair business practices in violation of California Business and Professions Code Section 17200. Plaintiffs' suit arises out of the purchase of an unincorporated business, AutoAdListings.com, from Daniel. The gist of the complaint is that defendant Daniel misrepresented the marketing practices that purportedly supported the success of defendant's website businesses, including concealing his actual practices involving spamming and the unlawful harvesting of e-mail addresses to send unsolicited commercial solicitations in violation of applicable laws.

The parties to the agreement are Open Road Ventures and Daniel. Madeiros participated in the negotiations and execution of the documents on behalf of Open Road Ventures. The parties first executed a Letter of Intent, originally prepared by Madeiros without the assistance of counsel, some terms of which were negotiated by Daniel (with the assistance of counsel). One specifically negotiated provision was the alternative dispute resolution clause. The first draft was prepared by Madeiros based upon a "fairly standard" template that he had used before. Madeiros Decl. Exh. A. The clause was limited to arbitration and required the parties to arbitrate any dispute arising out of or relating to the Letter of Intent, with the arbitration "to be conducted in accordance with the commercial arbitration rules then in force in the State of California." *Id.* Daniel responded with a draft expanding the clause to include mediation as well as arbitration, and further providing that such mediation and arbitration was to be conducted according to the commercial mediation and arbitration rules then in force in the state of Texas, rather than California. Open Roads Venture did not agree to the Texas designation, and further negotiations ensued with Open Roads Venture ultimately proposing that in the event of a dispute, the venue would be tied to whomever had the dispute. Madeiros Decl. ¶14. The finally agreed-upon clause provided as follows:

    4.    MEDIATION AND ARBITRATION

> The parties hereto agree that any dispute between them arising out of or relating to this Letter of Intent shall be settled exclusively by mediation and, if necessary, by binding arbitration. Such mediation and arbitration shall be conducted in accordance with the commercial mediation and arbitration rules then in force in the state of the

> party demanding such mediation or arbitration, as applicable, and the venue for such mediation or arbitration shall be the State and County of the principal office of the party requesting same. The arbitration and mediation shall be final and binding on both parties. Judgment upon any such arbitration award may be entered in any court having jurisdiction.

Madeiros Decl. Ex. E.

Shortly thereafter, the parties entered into the Asset Purchase Agreement. Once again, Madeiros prepared the initial draft without the assistance of counsel, and he sought to incorporate into the Asset Purchase Agreement the specific clause previously negotiated by the parties. He prepared the agreement based on another asset purchase agreement to which Open Road Ventures was a party, and included the dispute clause in Paragraph 13, the Governing Law clause of the template agreement. Madeiros Decl. ¶21. Subsequent negotiations regarding the Asset Purchase Agreement did not address Paragraph 13, and the final agreement included the same clause, as initially drafted by Madeiros:

> **13. Governing Law.** This Agreement shall be construed in accordance with, and governed in all respects by, the laws of the State of the party demanding such mediation or arbitration, as applicable, and the venue for such mediation or arbitration shall be the State and County of the principal office of the party requesting same. The arbitration award shall be final and binding on both parties. Judgment upon any such arbitration award may be entered in any court having jurisdiction.

On April 3, 2009, Open Road Ventures notified Daniel by telephone and by letter that it believed Daniel had breached the contract. It did not, however, demand mediation or arbitration. Instead, plaintiffs filed suit on April 6, and served the summons and complaint on April 9. In the meantime, on April 7, Daniel gave notice of his demand to mediate and arbitrate the dispute under the Asset Purchase Agreement, and on May 14, 2009 made a similar demand under the Letter of Intent. Both demands sought to have the mediation/arbitration occur in Tarrant County, Texas, Daniel's place of business.

## II. ANALYSIS

### Motion to Compel Mediation and Arbitration

Defendant seeks an order to compel mediation and arbitration and to dismiss the complaint. Plaintiff opposes the motion, arguing that if mediation is to be ordered it should occur in California and that, if the parties are compelled to mediate or arbitrate, this action should be stayed rather than dismissed.

Agreements to arbitrate are enforceable. 9 U.S.C. §4; *Arthur Anderson LLC v. Carlisle*, 129 S. Ct. 1896, 1901-02 (2009). The Court must first look to the language of the contract itself to determine whether there is an agreement to arbitrate. In this case the applicable provision is Paragraph 13 of the Asset Purchase Agreement:

> **13. Governing Law.** This Agreement shall be construed in accordance with, and governed in all respects by, the laws of the State of the party demanding such mediation or arbitration, as applicable, and the venue for such mediation or arbitration shall be the State and County of the principal office of the party requesting same. The arbitration award shall be final and binding on both parties. Judgment upon any such arbitration award may be entered in any court having jurisdiction.

The fact that the clause is not a model of legal clarity is not surprising, given that Madeiros prepared it without the assistance of counsel. Although the clause refers to arbitration and mediation, it does not clearly state an agreement to mediate or arbitrate the dispute. Its specification of the governing law as the laws of the state of the party demanding "such mediation or arbitration" suggests the presence of a preceding clause addressing mediation and arbitration, but no such clause exists within the four corners of the documents. Thus, as a whole, the clause is ambiguous as to its meaning, and the court resorts to parol evidence in order to interpret the clause.

The parol evidence includes the history of the negotiations between the parties that resulted in the clause as used in the Asset Purchase Agreement, particularly since the clause was specifically negotiated by the parties in connection with the underlying Letter of Intent which was then sought to be incorporated into the Asset Purchase Agreement. Having considered this evidence, the court finds that parties have an enforceable agreement that to mediate any dispute arising out of the Asset Purchase Agreement, followed by binding arbitration if the mediation does not successfully resolve the dispute. The mediation shall be conducted in accordance with the commercial mediation and arbitration rules then in force in the state of the party demanding such mediation or arbitration, as applicable, and the venue for such mediation or arbitration shall be the State and County of the principal office of the party requesting same. The law to be applied is the law of the state of the party demanding the mediation.

Applied to the present case, defendant Daniel is the only party to have demanded mediation under the agreement. Accordingly, the venue for such mediation or arbitration is required to be the state and county of his principal office and the mediation is to be conducted in accordance with the

ORDER STAYING ACTION PENDING INITIATION OF MEDIATION—No. C-09-02041 RMW
TER                                             4

1  commercial mediation and arbitration rules in force therein.  Texas law is to apply, but since the
2  clause does not exclude Texas' conflict of laws provisions, it may be that the substantive law of
3  California could ultimately apply.  That issue, however, need not be addressed at this time.

4        Plaintiff does not strongly oppose requiring mediation and arbitration of the dispute, at least
5  with regard to the claims by Open Road Ventures, but asserts that such mediation or arbitration
6  should occur in California and be governed by California law.  Plaintiff relies heavily upon the
7  subjective intent of Madeiros in negotiating and drafting the clause at issue, by which he aimed to tie
8  venue to the party having the dispute, even if such party filed suit instead of demanding mediation.

9        The court will not give the contract the interpretation as it was subjectively understood by
10 Madeiros because that interpretation cannot be reasonably implied by the terms the parties used to
11 express their agreement.  Moreover, ambiguities in an agreement are to be construed against the
12 party causing the ambiguity.  *See* 1 Witkin, Summary of California Law, Contracts §757.  In this
13 case, Madeiros himself is the one who created the ambiguity in the Asset Purchase Agreement.
14 Madeiros proposed the first dispute resolution clause which notably did not provide that venue
15 would be in California, but instead only provided that arbitration would be governed by the
16 commercial arbitration rules applicable in California.  When Daniel proposed Texas law instead,
17 Madeiros was the one who proposed tying venue to the party having the dispute, and the finally
18 agreed-upon clause in the Letter of Intent (drafted by Daniel's counsel) is clear: it requires
19 mediation of all disputes, followed by binding arbitration if mediation does not resolve the dispute.
20 It specifies applicable rules governing the dispute resolution, specifically those in force in the state
21 of the party demanding mediation or arbitration.  It further specifies the venue: the state and county
22 of the principal office of the party demanding mediation/arbitration.  Thereafter, Madeiros prepared
23 the draft of the Asset Purchase Agreement and included in it Paragraph 13, through which he
24 concedes he sought to incorporate the negotiated clause from the Letter of Intent.  Had Madeiros
25 incorporated the full clause from the Letter of Intent, the result would be the same as that reached by
26 the court, *supra*.  Ultimately, plaintiff's proposed interpretation cannot be reasonably inferred from
27 the words used in the agreement itself, or in the clauses drafted to express the parties' agreement in
28 the Letter of Intent and Asset Purchase Agreement.

ORDER STAYING ACTION PENDING INITIATION OF MEDIATION—No. C-09-02041 RMW
TER       5

The parties also disagree whether the mediation and arbitration should occur in California or in Texas.  Pursuant to the parties' agreement, "the venue for such mediation or arbitration shall be the State and County of the principal office of the party requesting same."  Although Open Road Ventures was the first to raise a dispute, defendant Daniel was the first to request mediation.  Accordingly, under the agreement, Tarrant County, Texas is the appropriate venue for the mediation and arbitration under the parties' agreement.  The court, however, cannot order the parties to mediate or arbitrate the dispute outside this judicial district.  9 U.S.C. §4 (arbitration hearing to occur within the district in which the petition to compel arbitration is filed).  Daniel may file his petition to compel in the U.S. District Court for the Northern District of Texas, Fort Worth Division, the boundaries of which include Tarrant County.

The final issue to resolve is whether to dismiss the action or stay it, pending the completion of mediation/arbitration. When all of the issues contained in the pending litigation are to be submitted to arbitration, the action may be dismissed rather than stayed. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Fedmet Corp. v. M/VB. Buyalyk*, 194 F.3d 674, 676 (5th Cir. 1999).  Here, all of the claims fall within the scope of the mediation/arbitration clause.  All arise out of the same facts and circumstances, and the parties contractually agreed to mediate, and arbitrate if necessary, "any dispute arising out of or relating to" their agreement.  Accordingly, all of the issues contained in the pending litigation are to be submitted to mediation/arbitration, and it would be appropriate to dismiss this action when proceedings to initiate the mediation/arbitration are commenced in the appropriate forum.  Accordingly, the court will stay this action for thirty days to enable Daniel to initiate mediation proceedings or court proceedings to compel mediation or arbitration in Texas, failing which the court will issue an order compelling such mediation or arbitration in California and dismissing the action.

Madeiros contends that his claims against Daniel are not subject to mediation or arbitration because he is not a signatory, individually, to the agreement.  Madeiros executed the agreement on behalf of Open Road Ventures, and he negotiated the dispute resolution clause at issue.  His individual claims, if any, are inextricably intertwined with those of Open Road Ventures, his company.  Under the circumstances, Madeiros is bound by the arbitration clause.  *RN Solution, Inc.*

ORDER STAYING ACTION PENDING INITIATION OF MEDIATION—No. C-09-02041 RMW
TER                                              6

*v. Catholic Healthcare West*, 165 Cal. App. 4th 1511, 1520 (2008); *Harris v. Superior Court*, 188 Cal. App. 3d 475, 478 (1986). Defendant has raised a substantial challenge to the viability of Madeiros' individual claims, but the court does not reach this specific issue because the parties have agreed to mediate and arbitrate this dispute.

## III. ORDER

For the foregoing reasons, the court:

1. STAYS this action for thirty days to enable the parties to commence mediation, or file an action in an appropriate venue in Texas to compel mediation or arbitration, failing which the court will issue an order compelling the parties to mediate or arbitrate in California and dismiss this action at that time;

2. If, by December 15, 2009, the parties have not submitted to the court proof of the commencement of mediation or civil proceedings to compel mediation in Texas, the court will issue an order compelling mediation or arbitration to occur in California and will dismiss this action without prejudice; and,

3. The court does not reach defendant's motion to dismiss the third and fourth causes of action for failure to state a claim upon which relief may be granted and defendant's motion to dismiss the claims of plaintiff Madeiros.

DATED: 11/13/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

George Alan Yuhas — gyuhas@orrick.com

Nancy E. Harris — nharris@orrick.com

**Counsel for Defendants:**

Andrew Thomas Mortl — amortl@glynnfinley.com

Patricia L. Bonheyo — tbonheyo@glynnfinley.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 11/13/09        TER
                           **Chambers of Judge Whyte**